# COURT OF COMMON PLEAS OF BALTIMORE CITY

Filed September 2, 1903.

———————

———————

GUSTAS HEBRON

VS.

STATE OF MARYLAND.

———————

*Thomas J. Mason* for petitioner.
*James R. Brewer, Jr.,* for the State.

DENNIS, J.—

Gustas Hebron, the petitioner, was arrested, upon a warrant sworn out before Justice Garland by Nettie Waters charging him with having committed an indecent assault upon her on August 22, 1903. When brought up for a hearing he was informed of his right to a jury trial, but waived it and declared that he wished to abide by the determination of the case by the justice. Trial was thereupon had upon the charge as laid, and the petitioner was found guilty and sentenced to confinement in the Baltimore City Jail for five years. He now seeks his release upon two grounds, namely, because the justice has no jurisdiction to try him for the offense alleged, and, second, because even if he had jurisdiction, the punishment was beyond the limit allowed by law. As to the first ground, the petitioner has offered evidence in this proceeding to show that the crime actually committed by him was rape, and as conceded, the justice would have no jurisdiction to hear such a charge, or even a charge of "an assault with intent to commit a rape." Therefore it is contended he has no jurisdiction to hear a charge of "indecent assault." This contention is based upon a misconception of the legal significance of the charge of indecent assault, as made in the warrant and commitment. Under the law of this State there is no such offense as indecent assault in the sense that indecency constitutes any ingredient of the crime. There is an assault with intent to commit rape or to commit robbery or murder, etc., all statutory offenses for which specific punishments are prescribed by statute; but indecent assault is not known to the law as a distinct crime in which the element of indecency must enter to constitute the crime of assault. The word "indecent" is a loose expression, legally speaking, generally used to characterize the nature of the assault, and adds nothing to the essential elements which constitute the crime of assault itself. "'Assault" is the crime; but the term "indecent," or "common," or "simple" are generally added to the word assault, in popular speech, and often by law writers, to indicate its character or aggravating circumstances attending it; but these words are merely descriptive, and are wholly superfluous as importing into the crime any element which is necessary to complete it, or to add to or diminish its legal significance.

The circumstances which show the character of the assault, however, and which are thus popularly indicated by these descriptive expressions are, of course, always to be taken into account in determining the discretion of the Court in its imposition of punishment. When, therefore, a man is charged with a crime of indecent assault, or a simple or common assault the legal significance of the charge is no more than if he was charged simply with an assault, for the assault is the crime and the descriptive words are

mere surplusage, and will be so treated whenever the character of the crime is to be determined by the Court.

As we find then, in the case at bar, a commitment on the charge of indecent assault, we are bound to disregard the superfluous description of the crime equally as if it had been described as a wicked, or vicious or vindictive assault, and to consider the commitment as based on a conviction simply of a crime of assault. If this is so, there is an end of the first contention of the petitioner; for it is not questioned that a justice has complete jurisdiction in all cases simply of assault and special cases of assault under the statute, such as assault with intent to commit rape, or murder or robbery, over which, concededly, a justice has no jurisdiction, having nothing to do with the case before us. But the learned counsel for the petitioner further contends that as the facts proven before the justice showed that it was a case of actual rape, the justice was without jurisdiction to hear it, although the prosecuting witness and the defendant, both acquiesced in the trial on the charge of assault. It does not lie in the mouth of the petitioner to make such a contention. If the State and the prosecuting witness chose to go to trial upon a charge of a minor offense, which was clearly covered by the greater offense proven against him, however the State might have a right to complain, neither law nor common sense, supports the claim of the criminal that he should be released because he was tried for an offense for which he could only be imprisoned in jail, when he should have been tried for an offense for which, according to his own showing in this case, he might very properly have been hanged. No criminal can escape when convicted of a lesser crime, because the evidence shows that he actually committed a greater one, which included the lesser. The State is the injured one; not he. Bishop Statutory Crimes, Sec. 481.

2. Was the punishment beyond the limit allowed by the justice? The offense for which the prisoner was convicted was simply in legal effect an assault—a common law misdemeanor, for which no statutory punishment has been prescribed, and for which, therefore, we must still look to the common law to determine its extent. That law is that it is to be punished by a fine or imprisonment, or both, in the discretion of the Court; there is no limitation, either on the period of confinement or amount of fine.

As this justice had full jurisdiction to try the case, he had a right to impose the punishment according to his discretion, within the limits mentioned, just as fully as any Judge of the Supreme Bench in a similar case; and as the punishment was in his discretion it is not in the power of any of us to review that discretion, and to increase or diminish the term imposed, or declare it illegal or wrongful. Under the law as it now stands he had a right to impose it, and the only limitation upon a similar exercise of power must be found in future legislative action. The petitioner will be, therefore, remanded.